IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Kiril Zahariev,

      Plaintiff,

vs.

B&C Savannah Wildlife Enterprises Inc. d/b/a
Critter Control of Hilton Head

      Defendants

Case No.:  9:23-cv-460-RMG-MGB

**COMPLAINT**
**JURY TRIAL DEMANDED**

The Plaintiff Kiril Zahariev ("Zahariev") named above, complaining of the Defendants herein, would respectfully show unto the Court:

## PARTIES

1.      Plaintiff Kiril Zahariev ("Plaintiff") is a citizen and resident of the State of South Carolina.

2.      Defendant B&C Savannah Wildlife Enterprises Inc. d/b/a Critter Control of Hilton Head is a corporation organized and existing under the laws of the State of Georgia.

3.      At all times relevant herein, Defendant B&C Savannah Wildlife Enterprises Inc. d/b/a Critter Control of Hilton Head  is doing business in South Carolina as "Critter Control of Hilton Head" and held itself out as a licensed contractor by the Beaufort County Licensing Division, and is hereinafter collectively designated as "Critter Control of Hilton Head."

## JURISDICTION & VENUE

4.      This Court has subject-matter jurisdiction, pursuant to 28 U.S.C.A. § 1332, over the claims in this lawsuit as there is complete diversity of all of the parties and that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

[1]

5.      This Court has personal jurisdiction because the events giving rise to the matter in controversy occurred within the State of South Carolina.

6.      This Court has supplemental jurisdiction to hear and decide relevant causes of action arising under the laws of the State of South Carolina.

7.      Venue is proper under 28 U.S.C. § 1391(b), as all events giving rise to the claims occurred in this district.


8.      Venue is proper in this division pursuant to Local Civil Rule 3.01 DSC.

9.      All of the aforementioned Defendants have purposefully availed themselves to the jurisdiction of the State of South Carolina.


## FACTUAL ALLEGATIONS

10.     Plaintiff owns a home at 15 Norris Ave Bluffton SC in Beaufort County, South Carolina.

11.     Plaintiff became aware on or before September 13, 2021 that his home needed a new roof.

12.     Plaintiff contracted with Roof Crafters Inc. to install a new roof and paid the sum of $6,528.38 for that service.

13.     Upon completion of the project, Roof Crafters Inc. provided Plaintiff with the GAF Silver Pledge Warranty, which covered the new roof with Manufacturing Defect Coverage, Wind Warranty Coverage and Algae Warranty Coverage among others.

14.     On or around March 23, 2022, Plaintiff thought he heard some strange noises

[2]

from the attic, possibly caused by an animal.

15.    After a Google search for a local wildlife removal company, Plaintiff selected "Critter Control of Hilton Head", which advertised itself as a local company with local SC (843) 298-1324 telephone number.

16.    On March 23, 2022, a Critter Control employee came to Zahariev's residence to inspect and provide an opinion. The employee advised Zahariev that he has "a rat problem" and suggested the "Exclusion Pro Bundle" for $2,300, which included the following modifications to the current roof structure: custom metal flashings at the soffit junctions, Ridge Guard over the existing ridge cap vents,  ExclusionPro roof vent guards  installed over the plumbing exhaust vent pipes on the roof among others in order to prevent animal entry.

17.    Plaintiff entered into a contract with Critter Control on March 23, 2022

18.    The following day, on a rainy March 24, 2022 morning, Critter Control came back to start work on the project. Although Zahariev objected to the start of the work in lieu of the rainy conditions, the Critter Control employees stated that "they do it all the time".

19.    The work Critter Control performed deviated from generally accepted industry standards, *inter alia*: improperly installed custom flashings at the soffit junctions and in noncompliance with GAF installation instructions; improperly installed Ridge Guard over the existing ridge cap vents with debris trapped inside; improperly drilled screws and fasteners "face on" through the shingles making the roof susceptible to water intrusion.

20.    Each and every installation and modification to the roof structure was done in noncompliance with GAF installation instructions and the grossly negligent work of Critter Control voided the Silver Pledge Warranty of Zahariev's new roof.

[3]

21. Without Zahariev's knowledge and consent the employees of Critter Control cut off the roof vent pipes, in violation of SC Building Code and SC Plumbing Code.

22. On March 24, 2022, Critter Control made a demand for a payment of a balance of $2,300 which the Plaintiff did not owe on the project. This demand was made even though the work was not correct and/or not complete.

23. Zahariev shared his concerns and dissatisfaction with Nick Barber, general manager and co-owner of Critter Control. On March 28, 2022, the general manager came to Zahariev's residence so they can discuss the issues. Both Zahariev and Nick Barber went on the roof to inspect and take photos. Nick Barber stated that the flashings, ridge guard and vent pipe guards are installed properly and the only issue he sees is the cutting off of the roof vent pipes. The general manager also offered Zahariev a 10 year "verbal warranty" on the project, stating further that his employees are fully trained and that his company has a lot of happy customers in the area.

24. Zahariev obtained three independent reports of the work performed by Critter Control and B&C Savannah Wildlife Enterprises Inc. Zahariev's roof was examined by Roof Crafters Roofing LLC, which is a GAF Certified Top President's Club roofer, Lowcountry Roof Repairs LLC, roofing contractor registered with SC Secretary of State and in good standing and Monarch Roofing, a GAF Master Elite roofer.

25. All three reports agree that the work of Critter Control and B&C Savannah Wildlife Enterprises Inc. was done improperly, not in compliance with GAF installation instructions, with too many exposed screws through shingles and that those issues are not covered under current roof warranty. The reports also warned of eminent leaks in the future. The roof

[4]

contractors recommendation was to have the roof repaired immediately in order to prevent future leaks.

26.     Plaintiff was unable to locate a company for immediate repair of the defective work done by Critter Control due to shortage of supplies. It was not until May 2, 2022, when Roof Crafters Inc. finalized the repairs of Zahariev's roof.

27.     The grossly negligent and defective work of Critter Control has caused Plaintiff financial hardship, mental anguish and emotional distress.

## FOR A FIRST CAUSE OF ACTION

### Violation of the South Carolina Unfair Trade Practices Act

28.     Each and every allegation contained in the preceding paragraphs is reiterated as if repeated verbatim to the extent it is not inconsistent with this cause of action.

29.     Defendants are subject to S.C. Code Ann. § 39-5-10 *et. seq.* because they regularly engage in trade and commerce within the boundaries of the State of South Carolina.

30.     The representation and advertisement of unskilled contractor Critter Control as a local SC company with a local  SC (843) 298-1324 telephone number, whereas it is a Georgia contractor, is unlawful practice pursuant to Section 39-5-20, according to which: It shall be an unlawful trade practice under Section 39-5-20 to use an assumed or fictitious name in the conduct of a business to intentionally misrepresent the geographic origin, ownership of manufacturing facilities, or location of such business.

31.     The representations of Critter Control general manager Nick Barber that his

[5]

employees are fully trained and that the work was done properly, and offering verbal 10 year warranty on a defective work is an unlawful practice.

32.    The failure to perform construction work and/or representing that a contractor is unqualified to perform repairs has an impact on the public interest, *inter alia*, because it allows unscrupulous parties to deceive the public-at-large; the public policy of the State of South Carolina is to punish Defendants who deceptively take money for work they do not intend to perform, could not or should not have performed is not in the public's interest, etc.

33.    The conduct alleged herein is capable of repetition and/or already has been repeated because the conduct involves the application of installation standards that are not generally known by the public; the items that were improperly installed are concealed by other parts and/or paint; unscrupulous parties rely on the ignorance of their victims in not knowing about proper roofing standards.

34.    Defendants lack procedures to abate or prevent such conduct from recurring or fail to enforce the same.

35.    The failure to properly perform the agreed upon construction and installation work has caused Plaintiff to suffer actual and consequential damages, etc. in an amount as may be proved at trial and to be determined by the finder of fact.

36.    Plaintiff has suffered damages as will be proven at trial including, but not limited to, actual and consequential damages.

## FOR A SECOND CAUSE OF ACTION

### Breach of Contract

[6]

37.    Each and every allegation contained in the preceding paragraphs is reiterated as if repeated verbatim to the extent it is not inconsistent with this cause of action.

38.    Plaintiff and Critter Control entered into a contractual agreement. Critter Control agreed to perform certain roof installations. Plaintiff agreed to pay for this work.

39.    Plaintiff paid the required amount on the same day Critter Control began work and before Critter Control finished 100% the said work.

40,    Critter Control breached the contract with Plaintiff when he failed to perform the work as agreed and/or failed to construct the work pursuant to the standards in the roofing industry.

41.    Critter Control's substandard work has caused extensive damage to Plaintiff's roof and voided the Silver Pledge Warranty.

42.    As a result aforesaid, Plaintiff has suffered damages in an amount to be determined by the trier of fact.

## FOR A THIRD CAUSE OF ACTION

### Breach of Contract with Fraudulent Intent

43.    Each and every allegation contained in the preceding paragraphs is reiterated as if repeated verbatim to the extent it is not inconsistent with this cause of action.

44.    At all times relevant herein, a contract existed between Plaintiff and Critter Control to perform certain roofing installations in exchange for payment made.

45.    Critter Control misrepresented facts to Plaintiff including, *inter alia*:

        a) His geographical location;

        b) His skill for performing the work;

        c) That the work performed was done properly

        d) That his employees are fully trained

[7]

e) That they provide service guarantee

f) That they provide free telephone estimates

46. Critter Control intended for Plaintiff to rely on these misrepresentations.

47. Critter Control knew or had a reckless disregard for the truth or falsity of their representations.

48. Plaintiff had a right to rely on Critter Control.

49. That as a result of aforesaid, Plaintiff has suffered a loss in an amount to be determined by the trier of fact.

50. Plaintiff is entitled to punitive damages pursuant to SC Section 15-32-530 as the result of Critter Control's willful, wanton and reckless conduct, including *inter alia* violations of SC Building Code, SC Plumbing Code and GAF Installation Standards.

**FOR A FOURTH CAUSE OF ACTION**

**Negligent Misrepresentation**

51. Each and every allegation contained in the preceding paragraphs is reiterated as if repeated verbatim to the extent it is not inconsistent with this cause of action.

52. Critter Control of Hilton Head represented and advertised itself and its employees as highly trained experts and qualified and skilled contractor with over 30 years of experience,

53. Plaintiff had a right to rely of the representations made by Critter Control regarding its qualifications and ability to perform the agreed upon roofing installations per industry standards.

54. Plaintiff relied on the representations by Critter Control of Hilton Head when he hired Critter Control to make roof modifications and/or installations on his home.

55. As a result of aforesaid, Plaintiff has suffered actual damages, compensatory damages

[8]

and consequential damages in an amount to be determined at trial plus punitive damages.

56.    The actions taken by Defendants herein were done willfully, wantonly, and/or with reckless disregard of the truth. As a result, Plaintiff is entitled to punitive damages.

## FOR A FIFTH CAUSE OF ACTION

### Fraud

57.    Each and every allegation contained in the preceding paragraphs is reiterated as if repeated verbatim to the extent it is not inconsistent with this cause of action.

58.    Defendants made numerous representations to the Plaintiff, *inter alia*:

a) Critter Control had the training and skill to perform the agreed upon installations/modifications on Zahariev's roof;

b) The high quality of Critter Control's workmanship;

c) The fact Critter Control employees are fully trained and there is no need for a supervisor/manager to be present on site

d) That Critter Control was up to date with the latest industry standards and technology;

e) That the work performed on Zahariev's roof was done properly

59. These representations by Defendants were materially false.

60. Defendants knew or should have known these representations were false.

61.    Defendants knew or had a reckless disregard for the truth or falsity of their representations.

62.    Defendants intended for these representations to be relied upon by Zahariev.

[9]

63. Plaintiff was ignorant of the falsity of the representations made by Defendants.

64. That as a result of aforesaid, Plaintiff has suffered actual, consequential, and special damages as may be awarded by the jury including prejudgment interest, post judgment interests, fees and costs.

65. Zahariev is also entitled to punitive damages as the result of Defendant's willful, wanton and/or reckless conduct.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be rendered against the Defendant as follows:

a.    For actual damages, compensatory damages, and consequential damages as may be proven at trial;

b.    For actual damages and attorneys' fees for the First Cause of Action;

c.    For punitive damages as may be proven at trial pursuant to SC Section 15-32-530;

d.    For prejudgment interest, postjudgment interest, and costs; and

e.    For such other and further relief as the Court may deem just and proper

DATED: January 23, 2023                                  Respectfully Submitted,

Kiril Zahariev
15 Norris Ave
Bluffton SC 29910
tel. 843-757-5840

[10]