IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Kiril Zahariev,<br><br>        Plaintiff,<br>   v.<br><br>B&C Savannah Wildlife Enterprises, Inc.<br>d/b/a Critter Control of Hilton Head,<br><br>        Defendant. | Case No. 9:23-cv-00460-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R & R"), recommending that Defendants' Motion to Dismiss, or, in the alternative Motion for Summary Judgment (Dkt. No. 13) be granted. (Dkt. No. 34). Plaintiff filed an objection to the R & R (Dkt. No. 36), and Defendants replied (Dkt. No. 44). For the reasons set forth below, the Court adopts the R & R as the order of the Court and grants Defendants' motion.

I.   **Background**

Plaintiff brings causes of action for violation of South Carolina Unfair Trade Practices Act ("SCUPTA"), breach of contract, breach of contract with fraudulent intent, negligent misrepresentation, and fraud for work Defendant performed on Plaintiff's roof. (Dkt. No. 1, at 5-10).

Plaintiff hired Defendant, a pest removal company, to address animal noises coming from his attic. (*Id.*) According to the Complaint, Defendant inspected Plaintiff's home and provided an opinion regarding the noises. (*Id.* at 3). Defendant advised Plaintiff that he had "a rat problem" and suggested that he purchase the "Exclusion Pro Bundle" for $2,300. (*Id.*) Plaintiff agreed and entered into a contract with Defendant. (*Id.*) The Exclusion Pro Bundle included modifications to the structure of Plaintiff's roof, including "custom metal flashings at the soffit junctions, Ridge

1

Guard over existing cap vents, [and] ExclusionPro roof vent guards installed over the plumbing exhaust vent pipes on the roof." (*Id.*)

Plaintiff claims that the work deviated from the generally accepted industry standard and was faulty. (*Id.*) When Defendant requested payment for the work, Plaintiff "shared his concerns and dissatisfaction with Nick Barber, the general manager and co-owner of Critter Control." (*Id.*) Plaintiff claims that Barber visited Plaintiff's home to discuss the issues and review Defendant's work. (*Id.*) Plaintiff claims that Barber told him "the flashings, ridge guard and vent pipe guards [were] installed properly and the only issue he [saw was] the cutting of the roof vent pipes." (*Id.*)

According to Plaintiff, he obtained three independent reports of the work performed by Defendant and all three reports agree that Defendant's work was done improperly and warned of imminent leaks in the future. (*Id.*)

Defendant filed a Motion to Dismiss arguing that Plaintiff released and discharged the claims in the Complaint when he entered into a settlement agreement for a lawsuit filed in Chatham County Georgia based on the same facts. (Dkt. No. 13). Plaintiff argues that the settlement agreement does not preclude his claims because it is not enforceable. (Dkt. No. 25). Specifically, Plaintiff argued that the settlement agreement is unenforceable because (1) the Superior Court Judge presiding over the case was a Facebook friend of opposing counsel; (2) opposing counsel "engaged in overreaching and fraudulent inducement with incessant threats for motions for attorney fees and sanctions; (3) the release is unenforceable and against public policy; (4) the signatures to the Settlement Agreement are fraudulent and unauthenticated; (5) Plaintiff is not in possession of settlement funds; and (6) the Chatham County Magistrate's Court told Plaintiff "to take his claims back across the river." (*Id.* at 1-2).

The Magistrate Judge rejected those arguments in the R & R and recommends granting Defendant's motion to dismiss. (Dkt. No. 34). Plaintiff filed a response to the R & R (Dkt. No. 36), and Defendant replied (Dkt. No. 44). The R & R is now ripe for the Court's review.

## II. Standard

### A. Report and Recommendation of the Magistrate Judge

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). However, "[t]he district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao*, 306 F.3d 170, 183 & n.9 (4th Cir. 2002). "[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow if "when a party offers sufficient reasons for so doing." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (listing cases).

### B. Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits

of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the nonmoving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### C. Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.,* 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in

favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence' " in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

**III.     Discussion**

The Court agrees with the Magistrate Judge that Plaintiff's claims in this case arise from the same events as his claims in the Georgia case. (*Compare* Dkt. No. 13-2, *with* Dkt. No. 1). The Court further agrees that the Plaintiff released the claims he now attempts to bring against Defendant by entering into the settlement agreement. Indeed, Plaintiff does not dispute that he signed the settlement agreement and that they cover the same claims. (Dkt. No. 25 at 3). Plaintiff instead argues, for various reasons, that the settlement agreement is unenforceable.

The Magistrate Judge rejected Plaintiff's arguments regarding the enforceability of the settlement agreement. Plaintiff objected to the Magistrate judges conclusions and the Court now addresses Plaintiff's objections.

First, Plaintiff objects that the Magistrate Judge erred in finding that Plaintiff did not present justifiable basis for the recission of the settlement agreement. After the agreement was

5

signed, Plaintiff was concerned that the signatures were fraudulent and returned the settlement check to Defendant. The Defendant re-executed the signature page to quell Plaintiff's concern but did not reissue the settlement check because Plaintiff continued to pursue his claims in the Georgia case and ultimately filed this case after the Defendant re-executed the signature page. Plaintiff argues that, following the re-execution of the signature page of the settlement agreement, Defendant should have immediately issued a new settlement check and that, because it did not do so, the settlement agreement was rescinded and/or failed due to lack of consideration. Defendant, in its reply, indicated that it had reissued the settlement check after further email correspondence with Plaintiff. (Dkt. No. 44-2). The emails discussed Plaintiff filing a stipulation of dismissal with this Court upon receipt of the check. (*Id.*). After receiving the check however, Plaintiff requested an additional condition from Defendant. (*Id.*) The Court agrees with Defendant that it is not obligated to issue new payment to Plaintiff in hopes that he might accept it. These facts do not provide a justifiable basis warranting recission of the settlement agreement. Accordingly, Plaintiff's objection is overruled.

For the remaining objections, Plaintiff rehashed the same arguments presented to the Magistrate. (*Compare* Dkt. No. 36 at 5-17, *with* Dkt. No. 25 at 6-12). The Court finds no error of law made in the Magistrate's R & R and that the issues Plaintiff raised were correctly addressed by the Magistrate. Accordingly, Plaintiff's objections are overruled.

## IV.  Conclusion

After a thorough review of the record, the Magistrate Judge's R & R, and the relevant case law, this Court finds the magistrate applied sound legal principles to the facts of this case. Therefore, the Court **ADOPTS** the Magistrate's R & R in its entirety as the Order of the Court and

**GRANTS** Defendants Motion to Dismiss or in the alternative Motion for Summary Judgment (Dkt. No. 13).

        _s/ Richard Mark Gergel_
Richard Mark Gergel
United States District Judge

August 24, 2023
Charleston, South Carolina